IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICIA OWENS WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-978-WKW-KFP |
| ) | |
| THE MONTGOMERY COUNTY ) | |
| BOARD OF EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this pro se action alleging employment discrimination and § 1983 violations against Defendants. In the prayer for relief in Count IV, Plaintiff asks the Court to grant a "mandatory, preliminary and permanent injunction requiring Defendants to implement a rigorous anti-discrimination policy and to provide meaningful training to all employees of the board regarding disability discrimination and harassment." Doc. 1 at 21. The Clerk of Court has docketed this statement as a Motion for Preliminary Injunction. Upon consideration of the motion, the undersigned recommends that the request for a preliminary injunction be DENIED.

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion as to all prerequisites. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (stating that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (recognizing

that grant of preliminary injunction "is the exception rather than the rule" and that movant must clearly carry the burden of persuasion). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id*. See also *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). The moving party's failure to demonstrate a substantial likelihood of success on the merits will defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (holding that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

At the outset, based on the cursory request for a preliminary injunction buried within the prayer for relief in one count of the Complaint, the Court has doubts about whether the Plaintiff actually intended to seek a preliminary injunction at this stage of the litigation, as she did not file a verified complaint, a separate motion, a supporting affidavit, legal authority, or any other documentation that would support a request for a preliminary

injunction. Nonetheless, because the motion was docketed by the Clerk, the undersigned has reviewed Plaintiff's Complaint and finds that nothing before the Court demonstrates a substantial likelihood of success on Plaintiff's claims. Although failure to satisfy this prerequisite is alone sufficient to deny a request for preliminary injunction, the Court also notes that Plaintiff has not alleged that irreparable injury will occur if an injunction is not issued or that any threatened injury outweighs the potential damage an injunction may cause. Therefore, Plaintiff's request for a preliminary injunction is not warranted.

Accordingly, the Magistrate Judge RECOMMENDS that the Motion for Preliminary Injunction (Doc. 1) be DENIED and that this case be referred back to the undersigned for additional proceedings. It is further

ORDERED that on or before **May 6, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of April, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE